UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES WANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TAYLOR THOMSON, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-02388-BLF<br><br>**ORDER (1) GRANTING DEFENDANT MGH'S MOTION TO DISMISS; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO EXTEND TIME**<br><br>[Re: ECF 14] |

Defendant Massachusetts General Hospital ("MGH" or "Defendant") brings this Motion to Dismiss Plaintiff Charles Wang's ("Wang" or "Plaintiff") Complaint. Plaintiff brings a wrongful death suit against MGH and individual Defendants arising out of the death of his mother. MGH seeks dismissal, arguing that this Court lacks personal jurisdiction over it. The Court agrees, and DISMISSES Plaintiff's Complaint.

**I.   BACKGROUND**

　**A. Procedural History**

Plaintiff filed his Complaint on May 23, 2014. (ECF 1) MGH filed the instant Motion to Dismiss ("Mot.") on June 18, 2014. (ECF 14, 15) Plaintiff filed an Opposition ("Opp.") on July 2, 2014 (ECF 18), and further requested that the Court extend time on which the motion could be heard. MGH timely replied on July 7, 2014. (ECF 19)

　**B.  Factual Allegations**

Plaintiff is a resident of Santa Clara County, California. (Compl. ¶ 1) He alleges that, on April 28, 2014, his mother was admitted to MGH despite having "no fever, no pain and no reason to be admitted to MGH through their emergency room." (Compl. at p. 3) Plaintiff states that he advised her against being hospitalized. (*Id.*) He avers a number of wrongs allegedly committed by

1  staff at MGH, including that his mother was given "harsh, painful, unnecessary and harmful
2  treatments." (*Id.* at p. 4) He alleges that his mother "suffered physically [and] mentally," and that
3  her doctors "wanted to jeopardize her health and deterred her [will to] live." (*Id.* at p. 4) Plaintiff
4  further alleges that, at some point while his mother was unconscious, "they stopped providing her
5  with water," and "[a]s a result, she passed several days later." (*Id.*)[1]

## II. LEGAL STANDARD

Once a party challenges the Court's jurisdiction over it through a Rule 12(b)(2) motion to dismiss, the Plaintiff bears the burden of establishing personal jurisdiction. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (stating that a plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction").

When the Motion is based on written materials, and not an evidentiary hearing, Plaintiff "need only make a prima facie showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d 797, 800. Plaintiff cannot "simply rest on the bare allegations of [his] complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), but "uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d 797, 800.

In the absence of a specific statutory provision conferring jurisdiction, federal courts apply the personal jurisdiction laws of the state in which they sit. California's long-arm jurisdictional statute is "coextensive with federal due process requirements." *Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). In order for the Court to exercise jurisdiction, a defendant must have sufficient "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

---

[1] It is difficult for the Court to understand the timeline of Plaintiff's Complaint, as he alleges that his mother was admitted to MGH on April 28, 2014 (Compl. p. 3), but also alleges that "[d]ays before Memorial Day, 2011" doctors "drugged her," and while she was unconscious, "on or about May 30th, they stopped providing her with water," leading to her passing. (*Id.* at 4) From the face of the Complaint, the Court is uncertain of the date of Plaintiff's mother's passing, or the circumstances that caused it. But, as Plaintiff is proceeding pro se, the Court construes his Complaint to give him the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

### III. DISCUSSION

**A. Defendant's Motion to Dismiss**

In its Motion to Dismiss, MGH states that it has a principal place of business in Boston, Massachusetts, and argues that Plaintiff "has failed to allege any facts in his complaint which support or provide basis for personal jurisdiction over MGH in California." (Mot. at 3)[2] Plaintiff, a resident of this district, states that he has filed suit in California because he has "attempted to get attorney help numerous times in Boston, Massachusetts, without any success." (Compl. p. 2) In his Opposition, he reiterates that law firms in Boston "told me I should I should (sic) file the case," but "[n]one would take the case making it not feasible to do it." (Opp. at 2)

Plaintiff has provided the Court no information by which the Court could exercise personal jurisdiction over MGH, a non-resident Defendant. Plaintiff has not shown that MGH is subject to general jurisdiction, which requires evidence of "continuous and systematic general business contacts" with the state. *See, e.g.*, *Sleepy Lagoon, Ltd. v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1308 (N.D. Okla. 2011). Plaintiff further has not shown that MGH is subject to specific jurisdiction, which in this circuit is determined by a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities;
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d 797, 802. Plaintiff has not shown that MGH "purposefully directed" its activities at California – in fact, his Complaint states the opposite: it alleges that a patient, in a Massachusetts hospital (Compl. p. 3), was harmed by employees who Plaintiff avers are citizens of Massachusetts. (Compl. p. 1-2) That Plaintiff himself is a citizen of California does not confer jurisdiction upon this Court over a non-resident Defendant when Plaintiff alleges that the

---

[2] Defendant requests that this Court take Judicial Notice of the Plaintiff's Complaint. (ECF 16) The Complaint, however, is the operative pleading before the Court, and is treated as such, making judicial notice of the Complaint unnecessary.

Defendant committed tortious activity against another person in another state. *See Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.").

Even if Plaintiff showed that MGH caused injury to a California resident,[3] the operative question for determining personal jurisdiction is whether MGH had any contact with the forum. *Walden*, 134 S. Ct. 1115, 1122. ("[T]he plaintiff cannot be the only link between the defendant and the forum.") Plaintiff has not shown that MGH had *any* contact with California. As such, this Court lacks personal jurisdiction over MGH, and the Court GRANTS its Motion to Dismiss. The Court, however, will provide Plaintiff an opportunity to amend his Complaint in order to allege facts that would show jurisdiction over MGH and all other non-resident Defendants.

### B. Plaintiff's Motion to Extend Time

In his Opposition to Defendant's Motion to Dismiss, Plaintiff asked this Court to "extend this hearing until all Defendants are served." (Opp. at 2) The Court construes this as a Motion for Continuance of Hearing, pursuant to Civil Local Rule 7-7. As the hearing in this matter was vacated, Plaintiff's request is DENIED as moot. The Court's job at this stage is to evaluate the sufficiency of the allegations in the Complaint against MGH, the party seeking dismissal. This determination is unaffected by the Plaintiff's inability to serve the other Defendants.

### IV. ORDER

For the foregoing reasons, Plaintiff's Complaint is DISMISSED as to MGH, with leave to amend to cure the deficiencies as outlined about. Should Plaintiff choose to file an amended complaint, he shall do so no fewer than 28 days from the issue of this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2014

BETH LABSON FREEMAN
United States District Judge

---

[3] Plaintiff does not plead that his mother was a resident of California, only that he is (Compl. ¶ 1), and does not allege in his Complaint that MGH committed any harm against him.