United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES WANG, <br>     Plaintiff, <br>     v. <br> TAYLOR THOMSON, et al., <br>     Defendants. | Case No. 14-cv-02388-BLF <br><br> **ORDER RE: BRIEFING SCHEDULE FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

On August 11, 2014, the Court granted Defendant Massachusetts General Hospital's ("MGH") Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction. The dismissal was without prejudice for Plaintiff to file with the Court an Amended Complaint within 28 days. *See* ECF 24 at 4.

On September 3, 2014, Plaintiff filed a document entitled "Motion to Amend with Leave." *See* ECF 27. This document stated several reasons why Plaintiff believed that MGH should be subject to personal jurisdiction in California. This document is not, however, an Amended Complaint. It includes no prayer for relief, statement of facts, or causes of action. Because the Court wishes to give all due deference to Plaintiff, who is proceeding pro se, the Court construes this document to be timely filed in response to the Court's Dismissal Order.[1] *See Morrison v. Hall*, 261 F.3d 896, 899 n.2 (holding that a pro se plaintiff's complaint should be construed so as to give the plaintiff the benefit of all doubt); *see also* Dismissal Order, ECF 23 at 4 (in which the Court gave Plaintiff "leave to amend to cure the deficiencies as outlined above," which Plaintiff could

---

[1] The Court determines that this filing is not properly considered a Motion for Reconsideration, pursuant to Civil Local Rule 7-9, because Plaintiff presents no "material difference in fact or law [] from that which was presented to the Court" prior to entry of the Order granting Defendant MGH's Motion to Dismiss. *See* Civil L.R. 7-9(b)(1).

have interpreted to mean a document, such as the one he filed, which stated additional reasons why this Court has personal jurisdiction over MGH). However, the Court cannot properly adjudicate Plaintiff's claims without being presented with a pleading. This document, which merely states additional jurisdictional facts, is not a pleading.

As such, the Court will grant Plaintiff **twenty-one (21) days** by which to file an Amended Complaint. Plaintiff must file an Amended Complaint – he has filed a pleading once prior, in the form of his original complaint – which states in numbered paragraphs facts, causes of action he believes Defendant(s) committed, and a prayer for relief. This Amended Complaint should include all facts which Plaintiff believes gives this Court jurisdiction over MGH and any other Defendants he has already named in his original complaint. Plaintiff can elect to add the facts outlined in his "Motion to Amend with Leave" to the allegations he made in his original complaint, and may allege new facts, consistent with the Court's August 11, 2014 Dismissal Order. *See* ECF 23.[2] Plaintiff may not, however, add new causes of action or parties at this time without permission of the Court.

Plaintiff's Amended Complaint must be filed with this Court no later than **October 10, 2014.**

**IT IS SO ORDERED.**

Dated: September 16, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Court is sensitive to the fact that Defendant MGH has filed a document stating arguments as to why Plaintiff's new facts still fail to sufficiently show personal jurisdiction over MGH in California. *See* ECF 28. However, the Court must also ensure that a plaintiff pursuing his action pro se is afforded the opportunity to have his claims properly adjudicated, which the Court finds requires an operative pleading.