1

2

3                       **UNITED STATES DISTRICT COURT**

4                     **NORTHERN DISTRICT OF CALIFORNIA**

5                             **SAN JOSE DIVISION**

6

7   CHARLES WANG,                          Case No.  14-cv-02388-BLF

                    Plaintiff,

8

9       v.                                 **ORDER GRANTING WITH**
                                           **PREJUDICE DEFENDANT**
10  TAYLOR THOMSON, et al.,                **MASSACHUSETTS GENERAL**
                                           **HOSPITAL'S MOTION TO DISMISS**
                    Defendants.            **FOR LACK OF PERSONAL**
11                                         **JURISDICTION**

12                                         [Re:  ECF 34]

13          Plaintiff, proceeding pro se,[1] brings a wrongful death suit against a number of defendants,

14  including a hospital and several medical professionals, related to his mother's death. Defendant

15  Massachusetts General Hospital ("MGH"), the only defendant to have yet been served, brings its

16  second motion to dismiss for lack of personal jurisdiction. The Court previously granted MGH's

17  first motion to dismiss on these same grounds. *See* ECF 23. The Court finds this matter suitable

18  for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Having reviewed the

19  papers of the parties, and the governing law, the Court GRANTS MGH's motion, and

20  DISMISSES Plaintiff's action against MGH WITH PREJUDICE, for lack of personal jurisdiction.

21  **I.      BACKGROUND**

22          **A.      Procedural History**

23          On August 11, 2014, the Court granted MGH's first motion to dismiss for lack of personal

24  jurisdiction, finding that Plaintiff had not alleged any facts in his complaint or opposition to

25

26  _____

27  [1] This Court construes a pro se plaintiff's complaint so as to give the plaintiff the benefit of any doubt.
    *See, e.g., Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S.
    519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than
28  pleadings drafted by lawyers"). However, pro se plaintiffs "must follow the same rules of procedure
    that govern other litigants." *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002).

United States District Court
Northern District of California

1  support haling MGH into court in California based upon conduct that took place in Massachusetts.

2  *See* ECF 23 at 3-4. Plaintiff's amended complaint ("FAC") was filed on October 9, 2014. MGH

3  again moved to dismiss on October 20, 2014, for lack of personal jurisdiction.

### B.    Factual Background

In his FAC, Plaintiff alleges that after his mother was admitted to MGH on April 28, 2014,

doctors and other employees began subjecting her to "harsh, painful, unnecessary and harmful

treatments," FAC at 8, including antibiotics treatment for tuberculosis which Plaintiff alleges was

misdiagnosed in his mother and caused harm to her liver and kidneys. *Id.* Plaintiff further alleges

that:

> Days before Memorial Day, 2011, they drugged her with Dilaudid, a hydromorphine, through IV. While she was unconscious, on or about May 30th, they stopped providing her with water. As a result she passed several days later.

FAC at 9.

Plaintiff's FAC also includes a jurisdictional allegation. He contends that the existence of a

webpage on which MGH solicits donations, *see* FAC at 2 Exh. A, is part of "an elaborate scheme

to solicit donations from Californians," *id.* at 2, and thus subjects MGH to personal jurisdiction in

California.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(2)

Once a party challenges the Court's jurisdiction over it through a Rule 12(b)(2) motion to

dismiss, the Plaintiff bears the burden of establishing personal jurisdiction. *See, e.g.*,

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); *see also Scott v.*

*Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (stating that a plaintiff must "come forward with

facts, by affidavit or otherwise, supporting personal jurisdiction").

When the motion is based on written materials, and not an evidentiary hearing, Plaintiff

"need only make a prima facie showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d 797,

800. Plaintiff cannot "simply rest on the bare allegations of [his] complaint," *Amba Mktg. Sys.,*

*Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), but "uncontroverted allegations in the

complaint must be taken as true." *Schwarzenegger*, 374 F.3d 797, 800.

In the absence of a specific statutory provision conferring jurisdiction, federal courts apply the personal jurisdiction laws of the state in which they sit. California's long-arm jurisdictional statute is "coextensive with federal due process requirements." *Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). In order for the Court to exercise jurisdiction, the defendant must have sufficient "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**B.      Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003).

**III.   DISCUSSION**

The Court construes Plaintiff's argument as an allegation that MGH is subject to both general and specific jurisdiction in California, and considers both arguments in turn.

**A.      General Jurisdiction**

A non-resident party is subject to general personal jurisdiction in a state where it has "continuous and systematic general business contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). This standard is met only through "continuous corporate operations within a state thought so substantial" that it would be fair to hale a defendant into court there "on causes of action arising from dealings entirely distinct from those activities." *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011). This Circuit has held that the standard for exercising general jurisdiction over non-resident companies is an exacting one. *Schwarzenegger*, 374 F.2d 797, 801.

United States District Court
Northern District of California

Plaintiff's allegations do not come close to meeting this high standard. Plaintiff concedes that MGH is a Massachusetts company, and does not allege that it has any physical or economic presence in California. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) (noting that courts consider a business's "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets" when determining general jurisdiction").

Plaintiff points only to a web page on which individuals can "make a gift," in the form of a monetary donation, to MGH, and which includes instructions and guides as to how to make various donations to the hospital. *See* FAC Exh. A; *see also* Opp. Exh. 1. Plaintiff does not allege that MGH sent emails to California seeking donations – even if it did, the solicitation of donations in a state does not subject a party to general jurisdiction in that state. *Cf. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (holding that only contacts that "approximate a physical presence" in a state suffice for purposes of general jurisdiction). That a web page exists on a corporate or non-profit website permitting an individual to make donations to that entity does not subject that entity to jurisdiction in any and all states from which a donation could be made. As such, MGH is not subject to general personal jurisdiction in California.

### B.    Specific Jurisdiction

In this Circuit, specific jurisdiction over a non-resident defendant is determined by a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; [and]
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d 797, 802.

If a plaintiff fails to make a showing under all three prongs of this test, the Court may not exercise jurisdiction over the non-resident defendant. *Id.* Here, Plaintiff has not shown that MGH has purposefully directed any activities toward California with regard to the conduct at issue in

4

United States District Court
Northern District of California

1  this lawsuit. *Cf. Walden*, 134 S. Ct. 1115, 1123.

2      Plaintiff cannot use the existence of the donation web page to support the exercise of

3  specific jurisdiction, as no part of that web page relates to the conduct of this suit – his wrongful

4  death allegations regarding his mother. *See id.* at 1121 ("For a State to exercise [specific]

5  jurisdiction consistent with due process, the defendant's suit-related conduct must create a

6  substantial connection with the forum state."). Plainly, "the plaintiff cannot be the only link

7  between the defendant and the forum." *Id.* at 1122. Here, that seems to be the case: Plaintiff does

8  not even allege that his mother was a resident of California, only that he is. *See* FAC at 6.

9  Plaintiff's allegations that he must file suit here because he "attempted to get attorney help

10  numerous times in Boston, Massachusetts, without any success," are irrelevant to the jurisdictional

11  inquiry, because it is the activities of the Defendant which drive the question of personal

12  jurisdiction. *See, e.g.*, *Walden* at 1121-23. In this case, there is no indication that MGH directed

13  any activities toward California, let alone that they did so in such a manner to avail themselves of

14  the jurisdiction of its courts.

15      MGH is not subject to specific jurisdiction in California because Plaintiff has made no

16  showing that MGH directed *any* activities toward the state with regard to its care of Plaintiff's

17  mother. This does not mean that Plaintiff's claim can never be heard; simply that it cannot be

18  heard here.

19  **IV.   ORDER**

20      For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss

21  for lack of personal jurisdiction is GRANTED. Plaintiff's claims against MGH are DISMISSED,

22  WITH PREJUDICE, and Plaintiff may not refile this suit in this forum against MGH with regard

23  to his mother's death. The clerk shall close the file.

24      **IT IS SO ORDERED.**

25  Dated: December 19, 2014

26

27  BETH LABSON FREEMAN
   United States District Judge

28